### CLEVELAND (City) v PARSCHEN

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11027. Decided Feb 23, 1931

HORNBECK, PJ, KUNKLE, J (2nd Dist) and FARR, J (7th Dist) sitting.

Walter Booth and R. F. Dacek, both of Cleveland, for City.

Howell, Roberts & Duncan, Cleveland, for Parschen.

**FARR, J.**

It is conceded that the street at this point is safe for travel and that this pond is upon a tract of land not owned by the city. However, it is insisted that guard rails should have been provided by the city and that it was at fault in permitting the east end of said culvert to close or practically close by reason of the deposit of sediment or otherwise.

The record does not disclose precisely the cause which produced this pond of water, although there is a report by Richardson, the Engineer of Sewer Design for the city, that owing to faulty construction of a 24 inch connecting sewer by a blacksmith and the deposit of sediment that the flow along this natural water course was somewhat blocked. Richardson says, "The creek is blocked by the failure of the twenty-four inch sewer built by the blacksmith." There is much dispute in the record as to who constructed the culvert and it does not defi-

nitely appear nor is it conceded as to who did so, although it is urged by defendant in error that the city did so. However, it raises the issue as to the liability of the city under such circumstances.

A case of interest in this connection is that of **Kelley v City of Columbus, 41 Oh St 263,** in which the first and second proposition of the syllabi read as follows:

"1. A city is not liable for an injury resulting from the unsafe or dangerous condition of lands adjacent to a street where the place of danger is so far from the street that no injury can result to persons in the ordinary and proper use of the street.

2. The owner of the land is not liable for injury resulting from the unsafe or dangerous condition of his premises, to persons who go upon them without invitation, express or implied."

It is rather well settled that the doctrine of attractive nuisance insofar as the same might be applicable to ponds and reservoirs, has been expressly disapproved in Ohio in **Schwartz v Water Works Co. 77 Oh St 235.**

It would be difficult to determine that the liability of the city under such circumstances is any greater than that of an individual and even granting for the sake of argument that the city be responsible for the making of the pond in question, yet the fact remains that it was seventy feet from a public thoroughfare which was safe for travel and this doctrine that the liability of a city is no greater than that of an individual is declared in Farnham on Water and Water Rights Vol. 3, p. 2808, as follows:

"The liability of a city for failure to require the holes to be filled up is no greater than that of the land owner."

A case very persuasive as to the issues here involved, is that of City of Omaha v Bowman, 52 Neb. 293, 40 L.R.A. 531, 66 Am. St. Rep. 506, 72 N.W. 516, a case very similar to the one at bar and in which the first proposition of the syllabi reads as follows:

"With respect to water forming a pond on private property within the limits of a city but not on or in dangerous proximity to a public highway, street or alley, such city owes no duty to the general public (aside from that of a sanitary character) other than such as devolves on private owners of property similarly situated, even tho the city may have created the pond of which complaint is made."

The same principle is applied in **Village of Mineral City v Gilbow et al, 81 Oh St 263,** and of interest here is the opinion of the court at page 276, as follows:

"There was no obligation resting upon the village to prevent her from going outside of the street, the dangerous place being outside of the street, and not so near as to endanger those using it in the ordinary and proper way. Its obligation is to keep the streets open and in repair and free from nuisance; and its liability extends no farther than the neglect of such duty."

In the instant case the Parschen boy, had he confined his movements to the established thoroughfare of the city which it is contended was safe for travel, and not wandered aside on to private property, would not have met with this fatal accident and to hold that a city must safeguard such situations is extending the doctrine entirely too far. This pond of water was seventy feet from E. 65th Street and the boy could have remained on the street and been entirely safe.

If the city be held to safeguard this pond seventy feet distant, then why not a pond at a much greater distance from a travelled thoroughfare? The fact is that the liability of the city would be no greater than that of a private owner and the doctrine of attractive nuisance not applying in the instant case, it must be conceded that this pond was not a menace to travelers upon the street and therefore liability should not attach to the city; it is not believed that §3714 GC, controls in the instant case.

The question is raised by defendant in error that the doctrine of a trespasser could not apply because the city does not own the property where the pond is situated, but that is not the precise question to be determined. It is whether, under all the circumstances, liability attaches as against the city and as before stated, to hold such to be the case would be to extend the doctrine of liability entirely too far, and in view of the foregoing, the judgment is reversed and a final judgment will be entered in behalf of plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.